[620 NYS2d 122]

# In the Matter of R. Emmet Delany, a Suspended Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, December 19, 1994

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing three charges of professional misconduct. The Special Referee sustained all three charges. The Grievance Committee moves to confirm the Special Referee's report. The respondent's counsel has submitted an affirmation in support of the motion to confirm in which he requests that the Court limit any public discipline to a suspension for a term of two years, retroactive to the date of his interim suspension. The respondent also requests automatic reinstatement upon termination of his suspension and the sealing of the transcript of the disciplinary proceeding pending conclusion of the Federal case involving the "Internal Revenue Service targets" against whom he testified.

Charge One alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 691.7 (b) of the rules governing the conduct of attorneys (22 NYCRR 691.7 [b]). The respondent was charged with tampering with a witness (18 USC § 1512) under United States Felony Information 92 Cr. 706. On September 2, 1992, he pleaded guilty in the United States District Court for the Southern District of New York to the crime of tampering with a witness in violation of 18 USC § 1512.

Charge Two alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 691.7 (b) of the rules governing the conduct of attorneys (22 NYCRR 691.7 [b]). The respondent was charged with knowingly attempting to evade and defeat income tax (26 USC § 7201) by United States Felony Information 92 Cr. 706. On September 2, 1992, he pleaded guilty in the United States District Court for the Southern District of New York to the crime of knowingly attempting to evade and defeat income tax in violation of 26 USC § 7201.

Charge Three alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 691.7 (b) of the rules governing the conduct

of attorneys (22 NYCRR 691.7 [b]). The respondent was charged with three counts of mail fraud (18 USC § 1341) by United States Felony Information 92 Cr. 706. On September 2, 1992, the respondent pleaded guilty in the United States District Court for the Southern District of New York to three counts of mail fraud in violation of 18 USC § 1341.

After reviewing the evidence adduced, we conclude that the Special Referee properly sustained the three charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the relief requested by the respondent is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have considered the character evidence submitted by the respondent, his cooperation with the Federal authorities, and his impressive community services. The respondent, however, is an experienced professional who acted with a deliberate and conscious will, without respect for the ethical requirements of his profession. Under the circumstances, the respondent is disbarred for his acts of professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, R. Emmet Delany, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, R. Emmet Delany is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.